Wolfson

THIS OPINION IS A
PRECEDENT OF THE T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: July 30, 2009

Opposition No. **91187963**

Chocoladefabriken Lindt &
Sprungli AG

v.

Karlo Flores

Before Hairston, Kuhlke and Ritchie,
Administrative Trademark Judges

By the Board:

Chocoladefabriken Lindt & Sprungli AG ("opposer") has filed an opposition to the registration of the mark 73% INTENSE DARK, filed by Karlo Flores ("applicant") for "chocolate; chocolate bars,"[1] on the ground that the mark so resembles opposer's previously used mark INTENSE DARK for "candy and chocolate products" as to be likely, when applied to applicant's goods, to cause confusion among prospective purchasers.

On December 10, 2008, opposer filed its notice of opposition and mailed a copy thereof to applicant's address

---

[1] Serial No. 77258474, filed August 17, 2007.

via first class mail.[2]  On January 20, 2009, applicant filed an answer denying the salient allegations in the notice of opposition and asserting as an affirmative defense that opposer "failed to comply with 37 C.F.R. § 2.101(a) in that opposer failed to service (sic) applicant's attorney at the correspondence address of record in the Office."  On January 26, 2009, opposer mailed a copy of the notice of opposition to applicant's attorney's address.

On February 18, 2009, approximately one month after filing its answer, applicant filed a motion to dismiss the opposition.  The motion has been fully briefed.

Although we look to Trademark Rule 2.101 to determine the requirements for proper service and whether service of process in an opposition proceeding has been properly completed, we look to Fed. R. Civ. P. 12(b), made applicable to this proceeding by Trademark Rule 2.116(a), for the procedure by which a party may raise the defense of insufficient service of process under Fed. R. Civ. P. 12(b)(5).

Federal Rule 12(b) allows the affirmative defense of insufficient service to be presented by motion.  Any such motion must be timely filed to be effective.  To be considered timely, a motion to dismiss for insufficient

---

[2] Opposer filed the notice of opposition via the Board's Electronic System for Trademark Trials and Appeals ["ESTTA"].

2

service of process should be filed prior to, or concurrently with, the defendant's answer.

Applicant's motion to dismiss, filed one month after its answer, is therefore untimely.

Nonetheless, inasmuch as opposer has not objected to the timeliness of the motion we consider applicant's motion on the merits. *Cf., Wellcome Foundation Ltd. v. Merck & Co.,* 46 USPQ2d 1478 (TTAB 1998)(timeliness requirement waived by petitioner's failure to object to the motion on timeliness grounds).

Trademark Rule 2.101 provides as follows (emphasis added):

(a) An opposition proceeding is commenced by filing in the Office a timely notice of opposition with the required fee. **The notice must include proof of service** on the applicant, or its attorney or domestic representative of record, **at the correspondence address of record** in the Office, as detailed in §§ 2.101(b) and 2.119.

(b) Any person who believes that he, she or it would be damaged by the registration of a mark on the Principal Register may file an opposition addressed to the Trademark Trial and Appeal Board and **must serve a copy of the opposition**, including any exhibits, on the attorney of record for the applicant or, if there is no attorney, on the applicant or on the applicant's domestic representative, if one has been appointed, **at the correspondence address of record** in the Office. The opposer must include with the opposition proof of service pursuant to § 2.119 at the correspondence address of record in the Office.

Under this procedure, an opposition is commenced only when two conditions are fulfilled: (1) opposer makes sufficient efforts to serve the notice of opposition and (2)

the Board is notified of the service at the time the notice of opposition is filed. See *Springfield Inc. v. XD,* 86 USPQ2d 1063 (TTAB 2008)(opposer notified Board of service via ESTTA filing but failed to serve a copy of the notice on applicant at any time during the proceeding; case dismissed as nullity); *Schott AG v. L'Wren Scott,* 88 USPQ2d 1862 (TTAB 2008)(opposer failed to include a certificate of service with the notices of opposition, filed via first class mail, and did not dispute its failure to actually forward service copies to applicant; case dismissed as nullity).

In this case, the second service condition, notification to the Board, has been met. By utilizing ESTTA to file its notice of opposition, opposer was assured that the notice of opposition would contain a certificate of service attesting to service. "[A]ny plaintiff who files through ESTTA is viewed by the Board as having included proof of service with its pleading." *Schott AG,* 88 USPQ2d at 1863 fn. 3.[3]

The issue to be decided in this case concerns the first condition, namely, whether opposer's failure to serve the complaint on applicant's "correspondence address of record,"

---

[3] Of course, a potential opposer must complete the ESTTA filing process to be accorded a valid filing date. See *Vibe Records, Inc. v. Vibe Media Group LLC,* 88 USPQ2d 1280 (TTAB 2008). The filing date of an opposition is the date of receipt in the Office of the opposition, with proof of service, together with the required fee. See Trademark Rule 2.101(d)(4).

as that phrase is used in Trademark Rule 2.101(a), nullifies the opposition. The Notice of Final Rulemaking published in the Federal Register on August 1, 2007, 72 F.R. 42242, at 42243, clarifies how a potential opposer may determine that address: "Whether a plaintiff should serve the owner directly, an attorney, or a domestic representative depends on what Office records provide as the correspondence address. To determine the correspondence address of record for an applicant or registrant, the plaintiff must check the Trademark Applications and Registrations Retrieval (TARR) system at the following web address: *http://tarr.uspto.gov.*"[4]

There is no dispute that opposer initially served applicant at its business address of record, and not at applicant's "correspondence address," which in this case is applicant's attorney's address. Immediately upon being served with a copy of applicant's answer and affirmative defenses, opposer served the complaint on applicant at its "correspondence address," i.e., at its attorney's address. However, this service was not effected until after the opposition period had closed.

---

[4] The ESTTA-generated certificate of service reads: "The undersigned hereby certifies that a copy of this paper has been served upon all parties at their address record [sic] by First Class Mail on this date." The fact that the certificate refers to "address record" and not "correspondence address of record" does not lessen a plaintiff's obligations under the Rule.

Applicant is incorrect that opposer's failure to serve a copy of the notice of opposition on applicant's correspondence address of record during the time the opposition period was open mandates dismissal of the opposition as a nullity. Opposer's action in this case is sufficient to comply with Trademark Rule 2.101. In the recent case of *The Equine Touch Foundation, Inc. v. Equinology Inc.,* ___ USPQ2d ___ Cancellation No. 92050044 (TTAB 2/10/2009,) the Board accepted as sufficient service to commence a cancellation proceeding, service on respondent's counsel rather than, as required, on respondent itself.[5] Trademark Rule 2.111.[6] Similarly here, we hold that opposer's service on applicant itself is sufficient to commence the proceeding.

Just as the Board in *The Equine Touch Foundation* recognized that there is a distinction between a complete lack of actual service and defective but curable actual

---

[5] Recognizing that although "it was incorrect for petitioner to serve the petition on counsel for respondent, rather than on respondent," the Board noted that "counsel for respondent has filed an answer and it is clear that respondent will be represented by counsel in this proceeding. Under these circumstances, therefore, petitioner need not forward a service copy directly to respondent."

[6] The requirements of Rule 2.111 parallel, for cancellation actions, those requirements of Trademark Rule 2.101 for oppositions. However, in a cancellation action, service is to be made on respondent directly, and not on an attorney or authorized representative who may have been previously authorized to act on behalf of respondent during prosecution of its application prior to the date of registration of the mark.

service, so too do we recognize this distinction.  The purpose of service in a Board proceeding is to provide notice of the action.  Since applicant responded with an answer and a motion to dismiss, opposer's service was clearly sufficient to provide notice to the defendant. Opposer here timely served applicant directly; its error was only that service was not made at applicant's correspondence address of record.  Upon learning of its error, opposer moved promptly to cure the technical deficiency of service by sending a copy of the complaint to applicant's counsel. Under the circumstances, the opposition may go forward on the pleadings of record.  Opposer need not re-serve a copy of the complaint on applicant's counsel.[7]

Accordingly, applicant's motion to dismiss is denied. Trial dates, including conferencing, disclosure dates and the close of discovery, are reset as indicated below.

| | |
|---|---|
| Deadline for Discovery Conference | **8/10/09** |
| Discovery Opens | **8/10/09** |
| Initial Disclosures Due | **9/9/09** |
| Expert Disclosures Due | **1/7/10** |
| Discovery Closes | **2/6/10** |
| Plaintiff's Pretrial Disclosures Due | **3/23/10** |
| Plaintiff's 30-day Trial Period Ends | **5/7/10** |

---

[7] We do not intend by this order to suggest that an applicant who may receive a notice of opposition is under any obligation to alert its counsel that its application has been opposed. Thus, if an applicant attests that it failed to file a timely answer because it believed that its counsel had received service, and its counsel attests that it never got a copy of the complaint, such an explanation would suffice to discharge a notice of default.

| Defendant's Pretrial Disclosures Due | **5/22/10** |
|---|---|
| Defendant's 30-day Trial Period Ends | **7/6/10** |
| Plaintiff's Rebuttal Disclosures Due | **7/21/10** |
| Plaintiff's 15-day Rebuttal Period Ends | **8/20/10** |

**IN EACH INSTANCE,** a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within **thirty days** after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.